[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13035
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A98-960-561,
A98-960-570

LISSETH ARACELI CHAVEZ-OCHOA,
JUANA MARGARITA CHAVEZ-OCHOA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 28, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Lisseth Araceli Chavez-Ochoa and Juana Margarita Chavez-Ochoa, natives and citizens of El Salvador, seek review of the Board of Immigration Appeals' (BIA's) March 17, 2008, removal order affirming the Immigration Judge's (IJ's) final removal order and denying Petitioners' claims for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). The Petitioners also seek review of the BIA's May 6, 2008, order denying their motion for reconsideration of the BIA's removal order. As to our review of the removal order, the Government asserts we lack jurisdiction because the petition for review is untimely as to that order. As to the denial of the motion for reconsideration, the Petitioners argue that the BIA failed to address the errors of fact and law they pointed out in their motion.

I.

"We review questions of subject matter jurisdiction *de novo*." *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling."

2

*Dakane v. U.S. Attorney Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting *Stone v. INS*, 115 S. Ct. 1537, 1549 (1995)). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under 8 U.S.C. § 1105(a)).

The final order of removal in this case was issued on March 17, 2008. *See* 8 C.F.R. § 1241.1(a) (providing "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals"). Although the Petitioners filed a timely motion to reconsider the BIA's dismissal of their appeal on April 10, 2008, the filing did not toll the limitations period for filing a petition for review in this Court. *See Dakane*, 399 F.3d at 1272 n.3; *Stone*, 115 S. Ct. at 1549. Because the Petitioners did not file their petition for review until May 29, 2008, more than 30 days after the BIA's initial order dated March 17, 2008, this Court lacks jurisdiction to review the March 17, 2008, order. *See* 8 U.S.C. § 1252(b)(1). Accordingly, we dismiss the petition for review to the extent the Petitioners are seeking review of the BIA's final removal order.

## II.

"We review the BIA's denial of a motion to reconsider for an abuse of discretion." *Calle v. U.S. Attorney Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).

3

We have recognized the BIA's "discretion is very broad." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir.) (quotation omitted), *cert. denied*, 129 S. Ct. 146 (2008).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments the BIA previously rejected provides no reason for the BIA to change its prior decision. *Calle*, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (quoting 8 C.F.R. § 1003.2(b)(1)).

The BIA did not abuse its discretion in not addressing the errors of law the Petitioners assert because the BIA did not make an error of law. As for any errors of fact, the BIA did not abuse its discretion in denying the motion to reconsider because the BIA acknowledged the evidence the Petitioners claimed was ignored and the remainder of the Petitioners' arguments were reiterations of previous arguments. Accordingly, we deny the petition as to the motion for reconsideration.

**DISMISSED IN PART, DENIED IN PART.**